IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAKISHA GURLLY, 472028, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TAMMY GRIME, | ) |
| KAYLAN JONES, | ) |
| BONNIE JONES, | ) Case No. 23-cv-891-DWD |
| DEBBIE GORETZKE, | ) |
| LARRY CASEY, | ) |
| SHAN COLLINS, | ) |
| JOHN DOES 1-2, | ) |
| RICHARD WATSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On June 13, 2023, the Court conducted an initial review of Plaintiff Makisha Gurlly's Complaint, and it designated numerous claims to proceed. (Doc. 11). The Court then effectuated service of process on the designated claims and the Defendants filed answers. Following service, the Court issued a Scheduling Order that provided for initial disclosures and discovery on the limited issue of the exhaustion of administrative remedies. (Doc. 36). On October 5, 2023, the Defendants notified the Court that they had yet to receive any disclosures from Plaintiff despite efforts to contact her. (Doc. 37). The Court granted the Defendants' Motion to Compel (Doc. 37) Plaintiff's initial disclosures and required her to exchange information with the Defendants. The Defendants were directed to update the Court on progress made by October 27, 2023. (Doc. 38).

On October 27, 2023, the Defendants informed the Court that they still had not received any initial disclosures or other correspondence from Plaintiff. (Docs. 39, 40). The Court followed-up on October 30, 2023, with an Order directing Plaintiff to show cause about her non-compliance with the discovery process by November 20, 2023. To date, the Court has not received any correspondence from Plaintiff about her desire to participate in this litigation, or in relation to the show cause order. The Court and the parties have now attempted to secure Plaintiff's participation in the discovery process on four occasions (the initial discover order, Defense counsel's efforts by letter, the Court's October 6, 2023 Order, and the Court's October 30, 2023 Order). The Court warned Plaintiff that if she did not respond by November 20, 2023, the entire case may be dismissed for failure to prosecute. (Doc. 41).

When considering if dismissal of a case for failure to prosecute is appropriate, the Court considers: (1)the frequency and egregiousness of plaintiff's failure to comply with deadlines; (2) the prejudice resulting to the defendants, and (3) the effect of the delay on the Court's calendar. *See e.g., Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020). Here, Plaintiff has failed multiple times to follow Court orders or to communicate with defense counsel. At this point, Plaintiff's failure to participate in the case is prejudicial to the Defendants because she has not tendered even the most basic initial disclosures that will allow them to conduct proper discovery. Plaintiff's failure to participate will also have eventual adverse effects on the Court's calendar by delaying the timely resolution of this matter. Plaintiff has willfully opted not to participate in this litigation, and her utter failure to prosecute now warrants the dismissal of this action. The Court and the

Defendants tried to resolve the issues with Plaintiff's non-participation short of a dismissal, and Plaintiff was warned that dismissal could ultimately result, but she has failed to act. *Shaffer*, 962 F.3d at 316-17 (the Court should consider lesser sanctions , but if a litigant is not keeping up with his or her responsibility to monitor and participate in the litigation, dismissal is an appropriate option). Accordingly, this matter is dismissed for failure to prosecute, and the Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

    **IT IS SO ORDERED.**

Dated: December 6, 2023            /s *David W. Dugan*
                                                                                           DAVID W. DUGAN
                                                                                         United States District Judge